Loren TIDWELL, Petitioner–Appellant,

v.

Cecil DAVIS, Respondent–Appellee.

No. 03–3245.

United States Court of Appeals, Seventh Circuit.

Submitted Feb. 20, 2004.*

Decided Feb. 20, 2004.

Loren W. Tidwell, pro se, Michigan City, IN, for Petitioner–Appellant.

George P. Sherman, Office of the Attorney General, Indianapolis, IN, for Respondent–Appellee.

Before BAUER, COFFEY, and ROVNER, Circuit Judges.

## ORDER

Loren Tidwell, an inmate of the Indiana State Prison, was sentenced to one year of

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

administrative segregation and a demotion in credit-earning class when a Conduct Adjustment Board ("CAB") found him guilty of battery. He petitioned for habeas corpus relief under 28 U.S.C. § 2254, arguing that exculpatory evidence and a procedural error in his hearing required reversal of his conviction. The district court denied Tidwell's petition, concluding that the proceedings in his hearing satisfied due process. We affirm.

The charges against Tidwell stem from the stabbing of fellow inmate Randy Becker in September 2002. Becker told a prison investigator that Tidwell and another offender had attacked him because he failed to pay a debt. Around the time of the attack a correctional officer witnessed Tidwell carry a weapon and then discard clothing in a trash can. Surveillance footage from the prison did not capture the stabbing itself, but images of an area near the assault showed Tidwell throwing something into the trash can, as the correctional officer had described. A search of that trash can recovered bloody clothing, and the investigator issued a conduct report charging Tidwell with battery.

When Tidwell was notified of the charge against him, he asked to see the videotape. The CAB denied Tidwell's request for reasons of institutional safety, but summarized the video's contents for him on a standardized form, stating "Tidwell was seen on the range the entire time ... caring [sic] objects 2 different times." At the disciplinary hearing, which was postponed several days due to the unavailability of witnesses, Tidwell pleaded not guilty and submitted a written statement denying involvement in the assault. The CAB considered all the evidence in the record, including the videotape; the investigator's conduct report and file; and statements from Tidwell, the victim, and the correctional officer who witnessed Tidwell at the scene. The CAB found Tidwell guilty, ex-

plaining that the video showed him in the area of the attack, and that "the victim name[d][him] as one of the assailants." Tidwell was sentenced to one year of disciplinary segregation and a reduction in credit-earning class.

After exhausting his administrative remedies, Tidwell filed his petition for a writ of habeas corpus with the district court. He alleged that the CAB's decision was contrary to the evidence because the videotape "show[ed] and prove[d] that [he] never assaulted Offender Becker." He also claimed that the CAB violated its own rules for disciplinary hearings when it failed to notify him in person of the postponement of his hearing, to which he claimed he would have objected. The district court denied Tidwell's petition, stating that the evidence of his guilt was sufficient, that he had no right to view the videotape, and that the postponement of his CAB hearing did not violate the Constitution.

On appeal, Tidwell first argues that the district court erred when it determined that his conviction did not violate due process. According to Tidwell, due process was not satisfied because the disciplinary decision was not supported by the evidence. He claims, for instance, that the district court and the CAB gave insufficient weight to the videotape, which "clearly exonerates [him] from any wrongdoing, and shows [he] was never around the victim."

Due process is satisfied so long as a prison disciplinary board's decision is supported by "some evidence." *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir.2003). We will not reweigh the evidence, so long as reliable evidence supports the CAB's decision. *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir.2000).

The CAB's decision in this case had ample support. First, the CAB relied on

the victim's identification of Tidwell as one of his assailants. The CAB also based its decision on a correctional officer's statement that he saw Tidwell with a weapon and, later, throwing something away. These statements alone constitute "some evidence" that Tidwell committed battery. *See Moffat v. Broyles,* 288 F.3d 978, 981 (7th Cir.2002). Although Tidwell believes that the videotape undermines this evidence of his guilt, the CAB disagreed, and we will not dispute its assessment of the evidence. *See White v. Indiana Parole Bd.,* 266 F.3d 759, 768 (7th Cir.2001). Besides, the videotape is not in the record before us, and we decline to accept Tidwell's assurances that its contents exonerate him.

Tidwell's second, somewhat vague contention is that the district court erred when it determined that he was not constitutionally entitled to in-person notification of the postponement of his CAB hearing. Although we are uncertain of the exact nature of Tidwell's argument, we note simply that he has not identified any prejudice from the postponement, and, in any event, the Constitution does not guarantee him notice of a postponement. *Wolff v. McDonnell,* 418 U.S. 539, 564, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Tidwell only argues that the CAB violated the prison's institutional notice rules, and violations of state law cannot be the basis for federal habeas corpus relief. *Dellinger v. Bowen,* 301 F.3d 758, 764 (7th Cir.2002).

Accordingly, the judgment of the district court is AFFIRMED.